## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. BRANDES, #Y-15076, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>IDOC, )<br>JANE DOE (Task Employee), )<br>TASK, )<br>ANITA BAZILE SAWYER, )<br>JOHN DOE #1 & 2 (C/O, Sergeant) )<br>C.E.C. CIVIGENICS, )<br>G.E.O. GROUP, )<br>COUNSELOR YOUNG, )<br>MS. MILES, )<br>THOMAS, )<br>and JONSON, )<br>)<br>Defendants. ) | Case No. 18−cv−01438−MJR |

## ORDER DISMISSING CASE

**REAGAN, Chief District Judge:**

Plaintiff Richard Brandes filed this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred in connection with a drug treatment contract he was forced to sign. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on September 7, 2018. (Doc. 11). Plaintiff was granted leave to file a First Amended Complaint on or before October 5, 2018. (Doc. 11, pp. 12-14). He was warned that the action would be dismissed with prejudice and a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. *Id*. He requested and was granted an extension of the initial deadline. (Docs. 13-14). Under the extended deadline, Plaintiff was required to file his First Amended Complaint no later than October 26, 2018. (Doc. 14).

1

Plaintiff missed the extended deadline. At least a week has passed since it expired. He has not requested another extension or filed an amended complaint.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with a Court Order (Docs. 11, 14) and/or prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Orders to file a First Amended Complaint on or before October 5, 2018, or October 26, 2018. (Docs. 11, 14) and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be

nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 11/2/2018**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**