# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD A. BRANDES, # Y-15076,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **IDOC,** ) <br> **JANE DOE 1,** ) <br> **TASK,** ) <br> **MILES,** ) <br> **JOHN DOE 1,** ) <br> **C.E.C.,** ) <br> **G.E.O.,** ) <br> **MR. YOUNG,** ) <br> **MS. THOMAS,** ) <br> **JOHNSON,** ) <br> **RICA McINTYRE,** ) <br> **LANCE WESTBROOK,** ) <br> **ANITA BAZILLE-SAWYER,** ) <br> **JANE DOE 2,** ) <br> **MS. JANKEE,** ) <br> **KYLE OBRIEN,** ) <br> **SHARLETTE RODGERS,** ) <br> **and ADRIENNE BROWN,** ) <br> ) <br> **Defendants.** ) | **Case No. 18-cv-1438-MJR** |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for consideration of the Amended Complaint filed by Plaintiff Richard Brandes, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"). (Docs. 17 and 17-1). Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from his coerced participation in a drug treatment program offered by the Illinois Department of Corrections ("IDOC"). In the Amended Complaint, Plaintiff reasserts claims that were dismissed in his original Complaint. He

1

also adds a hundred pages of allegations and exhibits in support of a new claim against different defendants for undertaking a campaign of harassment against him. *Id*.

The Amended Complaint does not survive screening under 28 U.S.C. § 1915A, which requires the Court to review prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(b). At this stage, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening order, the Court will consider whether any claims are improperly joined in this action. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Amended Complaint (Docs. 17 and 17-1)**

In the Amended Complaint, Plaintiff alleges that he was subjected to deplorable conditions at Stateville/NRC, and he was coerced into signing contracts for drug treatment. Plaintiff was then required to participate in the drug treatment program at Southwestern Illinois Correctional Center ("SWICC") against his will. When he objected, Plaintiff was threatened with disciplinary action. He filed grievances to challenge the contracts, but the grievances were denied or ignored.

Meanwhile, prison officials allegedly engaged in a campaign of harassment against him. Plaintiff was forced to attend group treatment in a crowded room at SWICC. He was required to work three jobs. For two months, Plaintiff's work schedule conflicted with the law library schedule, resulting in the dismissal of two suits. Prison officials denied him access to the telephone and his legal mail. They confiscated or destroyed his property during cell shakedowns and threatened him with disciplinary action for a "fake" assault. When Plaintiff complained, he received a disciplinary ticket for insolence and was found guilty at a hearing where he also called all disciplinary committee members "morons." He was punished with a transfer to Lawrence.

2

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

> **Count 1:** Jane Doe #1 and John Doe #1 coerced and threatened Plaintiff into signing contracts to undergo drug treatment during his incarceration in the IDOC.
>
> **Count 2:** Miles, TASK, and G.E.O. Group forced Plaintiff to undergo treatment while at SWICC based on the contracts that Plaintiff signed under duress and ignored Plaintiff's related grievances.
>
> **Count 3:** All other defendants engaged in a campaign of harassment against Plaintiff that resulted in his unwanted job assignments, loss of personal property, loss of legal mail and law library access, and disciplinary transfer.

**Any claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

**Count 1** remains dismissed with prejudice. The Court previously dismissed this claim when screening Plaintiff's Complaint. (Doc. 11, pp. 4-7, 12). Because it was dismissed *with prejudice*, Plaintiff is barred from reasserting the claim in this, or any other, action. *Id*.

**Count 2** shall be dismissed with prejudice. The Court previously explained that Plaintiff's required participation in a drug treatment program does not violate his constitutional rights, either standing alone or in combination with other adverse consequences of non-participation (*i.e.*, disciplinary action and/or a transfer). The mishandling of his related grievances likewise supports no claim. *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Plaintiff was nevertheless given the opportunity to replead this claim, if surrounding circumstances supported it (*e.g.*, forced medication or other unconstitutional conditions of confinement). In the Amended Complaint, Plaintiff reasserts the claim under the Eighth and Fourteenth Amendments.

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The allegations support no Eighth Amendment claim. Plaintiff has not demonstrated that his drug treatment counseling for an allegedly nonexistent substance abuse problem is covered by the Eighth Amendment. He describes no actual or probabilistic injury resulting from unwanted treatment. *Cox v. Brubaker*, 558 F. App'x 677, 678 (7th Cir. 2014) (citing *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (Eighth Amendment claim requires "an injury, actual or at least probabilistic")). Plaintiff does not allege he was forced to take unwanted medication or endure substantial (or any) adverse side effects from treatment. He instead complains of overcrowded counseling sessions—a temporary inconvenience lacking constitutional magnitude.

The allegations also support no Fourteenth Amendment claim. The Fourteenth Amendment prohibits state officials from depriving any person of life, liberty, or property, without due process of law. U.S. CONST. amend. XIV. Prisoners generally possess a liberty interest in avoiding consequences that are qualitatively different from the typical conditions of confinement. *Knowlin v. Heise*, 420 F. App'x 593, 596-97 (7th Cir. 2011). Courts are conflicted over the rights of prisoners to refuse participation in rehabilitative programs, including drug treatment programs. *Id*. at 596-97 (citing cases). But counseling, itself, does not amount to an atypical or significant hardship. Overcrowded counseling sessions also do not rise to this level. Threatened or actual disciplinary action for non-participation does not trigger due process protections, unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740, 743 (7th Cir. 2013 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff describes no such punishment or hardship in the Amended Complaint.[2] Count 2 shall therefore be dismissed with prejudice for failure to state a claim.

---

[2] In fact, the only punishment he describes is a disciplinary transfer to Lawrence resulting from an unrelated ticket for insolence and his decision to call all members of the disciplinary committee "morons." Further, he objects to his transfer because of the prison's proximity to his family and friends and not because of any atypical or significant hardship he now faces at Lawrence.

4

**Count 3** encompasses Plaintiff's remaining miscellaneous complaints against officials at different prisons. The claims are loosely characterized as Plaintiff's claim against the defendants for a campaign of harassment and retaliation against him. Plaintiff complains about the conditions of his confinement at Stateville/NRC. He also complains of being forced to work, denied law library access, subjected to mail interference, verbally harassed, deprived of personal property, subjected to retaliation, and unfairly disciplined at SWICC. Finally, he complains about his transfer to Lawrence.

Count 3 is improperly joined in this action. This claim involves different defendants and arises from separate transactions and/or occurrences than Counts 1 and 2.[3] The Court will therefore exercise its discretion under Rule 21 of the Federal Rules of Civil Procedure and dismiss Count 3 and those defendants named in connection with it, without prejudice to any other suit(s) Plaintiff wishes to bring in state or federal court. *Owens v. Evans*, 878 F.3d 559, 561 (7th Cir. 2017); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George*, 507 F.3d at 607.

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** remains **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, and **COUNT 2** is now **DISMISSED** with prejudice for the same reason. The Clerk is **DIRECTED** to **TERMINATE** all defendants as parties to this action in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 3** against Defendants **IDOC, JANE DOE 1,**

---

[3] In fact, the Court previously found that Plaintiff's claim regarding the conditions of his confinement at Stateville/NRC was improperly joined in this action and directed him to bring this claim in a separate suit in the United States District Court for the Northern District of Illinois. (Doc. 11, p. 5 at n. 3-4) (citing FED. R. CIV. P. 18, 20, 21; *George v. Smith*, 507 F.3d at, 607). Plaintiff disregarded these instructions.

5

**MR. YOUNG, [MS.] MILES, MS. THOMAS, JOHNSON, RICA McINTYRE, LANCE WESTBROOK, ANITA BAZILLE-SAWYER, JANE DOE 2, MS. JANKEE, KYLE OBRIEN, SHARLETTE RODGERS,** and **ADRIENNE BROWN** is improperly joined with **COUNTS 1** and **2** and is **DISMISSED** without prejudice to Plaintiff pursuing relief in one or more separate suits filed in the appropriate state or federal court. *See* FED. R. CIV. P. 20(a)(2), 21.

**IT IS ALSO ORDERED** that Plaintiff's Third Motion for Appointment of Counsel (Doc. 19) is **DENIED** as **MOOT**.

Plaintiff is **ADVISED** that this dismissal counts as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 1/16/2019**

                                                           **s/ MICHAEL J. REAGAN**
                                                           **Chief Judge**
                                                           **United States District Court**