IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD A. BRANDES, # Y-15076, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1438-MJR |
| IDOC, *et al.*, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court on Plaintiff Richard Brandes' Motion for Reconsideration filed on February 15, 2019. (Doc. 22). Plaintiff challenges the dismissal of this *pro se* civil rights action at screening on January 16, 2019. (Docs. 20 and 21). He asks the Court to reopen the case, recruit counsel, and allow him to proceed with his claims against officials in the Illinois Department of Corrections ("IDOC"), Stateville Correctional Center ("Stateville"), and Southwestern Illinois Correctional Center ("SWICC") arising from his forced participation in a drug treatment program. For the reasons set forth herein, the motion is **DENIED**.

The Federal Rules of Civil Procedure do not explicitly authorize motions for reconsideration. However, such motions are routinely filed and are generally treated as motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or motions for relief from judgment under Federal Rule of Civil Procedure 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different standards and time-tables govern these motions. Under Rule 59(e), the Court may correct its own manifest errors of law or fact and consider newly discovered material evidence. *See Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A Rule 59 motion must be filed within 28 days of the order being challenged. Rule 60(b) permits a court to relieve a party

1

from an order or judgment on grounds of mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59 motion. A Rule 60(b) motion must be filed within a reasonable time of the order being challenged. Plaintiff's motion is timely under both rules. However, he is entitled to relief under neither.

Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 17) are written in narrative form. Plaintiff did not organize the statement of claim into separate counts or claims. The Court identified three counts. First, Plaintiff claimed that IDOC officials forced him to sign a contract for drug treatment at Stateville and SWICC (designated as "Count 1"). Once Plaintiff signed the contract and transferred to SWICC, prison officials required him to participate in drug treatment against his will and disregarded his related grievances challenging the validity of the contract (designated as "Count 2"). In the Amended Complaint, Plaintiff added a claim against different SWICC officials for engaging in a campaign of harassment and retaliation against him (designated as "Count 3").[1]

In both screening orders (Docs. 11 and 20), the Court organized Plaintiff's claims into separate counts. The Court recognized Counts 1 and 2 in the Complaint and Counts 1, 2, and 3 in the Amended Complaint. (*Id.*). The Court acted within its discretion when organizing the *pro se* complaints in this manner. *See* FED. R. CIV. P. 8(e) and 10(b). Although he now insists that "there are 15 different constitutional violations in the complaint," Plaintiff fails to identify them.

---

[1] Plaintiff also complained about the unconstitutional conditions of his confinement at Stateville prior to his transfer to SWICC. In both screening orders, the Court indicated that the claim was improperly joined in this action and should be brought, if at all, in a separate lawsuit in the United States District Court for the Northern District of Illinois. (Docs. 11, p. 5 at n.3; Doc. 20, p. 5 at n.3). Plaintiff does not challenge this instruction or the dismissal of the claim without prejudice from this action. The Court acted well within its discretion in finding that the claim was improperly joined and thus subject to dismissal without prejudice.

(Doc. 22, p. 1). He also points to no specific claims that were overlooked. (*Id.*). This bald assertion thus provides no basis for granting his motion or reopening the case.

Count 1 was dismissed with prejudice in the initial screening order (Doc. 11). The Court concluded that Plaintiff's contract claim gave rise to no constitutional violation under the Uniform Commercial Code, First Amendment, Eighth Amendment, or Fourteenth Amendment. Plaintiff's latest reference to "six pages of case law" that support a due process claim does not alter the Court's conclusion. Prisoners generally possess a liberty interest in avoiding conditions of confinement that are qualitatively different from the typical conditions of confinement; unusually harsh or atypical conditions trigger the right to due process of law. *See* U.S. CONST. amend. XIV; *Knowlin v. Heise*, 420 F. App'x 593, 596-97 (7th Cir. 2011). Without such conditions, there is no due process right. Although this Court acknowledged some tension over the rights of prisoners to refuse participation in rehabilitative programs, including drug treatment programs, *id*. at 596-97 (citing cases), counseling, itself, does not amount to an atypical or significant hardship. The overcrowded counseling sessions described by Plaintiff also do not rise to this level. Likewise, threatened or even actual disciplinary action do not trigger due process protections, unless it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740, 743 (7th Cir. 2013 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff describes no such punishment or hardship in the Complaint or Amended Complaint.

Count 2 was dismissed without prejudice in the initial screening order (Doc. 11). This is because, standing alone or in combination with other adverse consequences (*i.e.*, disciplinary action and/or a transfer), Plaintiff's required participation in a drug treatment program does not violate his constitutional rights. *See id*. The mishandling of his related grievances likewise

supports no independent due process claim. *Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008). Plaintiff was nevertheless given the opportunity to replead this claim, if surrounding circumstances supported it (*e.g.*, forced medication or other unconstitutional conditions of confinement). In the Amended Complaint, he described no such circumstances, and Count 2 was dismissed with prejudice in the second screening order (Doc. 20). The Court finds no manifest error of fact or law or newly discovered evidence warranting a different result.

Plaintiff does not challenge the dismissal of Count 3 for improper joinder, and the Court acted well within its discretion when making the decision to dismiss the improperly joined claim. Plaintiff expanded his 11-page Complaint to a 119-page Amended Complaint, based largely on his new claim for a "campaign of harassment and retaliation" undertaken against him by prison officials at SWICC. Count 3 involved separate transactions or occurrences and different groups of defendants than Counts 1 and 2. Therefore, the Court dismissed Count 3 without prejudice and acted within its discretion when doing so. *See* FED. R. CIV. P. 21 (granting district courts "considerable flexibility" in managing civil litigation and authorizing the Court "at any time, on just terms" to add or drop a party and/or sever any claim against a party). *See also UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (the remedy for misjoinder is "severance or dismissal without prejudice").

## Disposition

For the reasons set forth above, Plaintiff's Motion for Reconsideration (Doc. 22) is **DENIED**, and Plaintiff's Motion for Recruitment of Counsel (Doc. 23) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**DATED: 3/24/2019**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**